UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 3:01-CR-00116 |
| | ) REEVES/POPLIN |
| FRANK E. RILEY | ) |

## MEMORANUM AND ORDER

This matter is before the court on the defendant's *pro se* motion for early termination of supervised release [R. 20]. In support of his motion, defendant states that he began his term of supervised release on February 4, 2014, and his term is set to expire on February 5, 2019. Defendant has maintained steady employment and a stable residence with his girlfriend.

Defendant's probation officer reports that defendant tested positive for cocaine on October 30, 2017 and November 22, 2017. In addition, on two occasions he was not forthcoming with his address. His current residence is unstable due to a "no trespass" that has been in effect since April of 2014. The "no trespass" is in effect due to multiple altercations between defendant and his girlfriend in which the police have been called in the past. Defendant's supervising officer has directed him to find an alternative residence, and to date, defendant has failed to do so. Therefore, the officer cannot support early termination at this time.

The government responds that defendant pled guilty to possession of a firearm after being convicted of a felony and received an enhanced prison term of 180 months after being adjudged an Armed Career Criminal. The government has also considered defendant's two positive drug screens for use of controlled substances, and opposes early termination.

The record shows defendant was sentenced on January 29, 2002, for possession of a firearm by a convicted felon and was sentenced to 180 months imprisonment (Armed Career Criminal enhancement) followed by a five-year term of supervision. Defendant began his term of supervised release on February 5, 2014. Defendant has completed almost four and a half years of the five-year term of supervised release. Defendant moves for early termination of supervised release pursuant to 18 U.S.C. § 3583(e) which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7) –
>
> Terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

After carefully considering the requirements of the statute, and objections by the government and the Probation Office, the court cannot grant defendant's motion for early termination. Defendant was sentenced as an Armed Career Criminal and his conduct while on supervision shows that he had not yet learned respect for the law. The court finds

defendant would benefit from completing the full term of supervision. Accordingly, defendant's motion for early termination of supervised release [R. 20] is **DENIED**.

    **IT IS SO ORDERED.**

                                                                   **UNITED STATES DISTRICT JUDGE**